*E-Filed 9/2/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY McCAA, | Case No. 5:07-CV-05322-RS |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

## I. INTRODUCTION

On November 5, 2008, the Court entered an order remanding this matter to the Commissioner for further administrative proceedings. Plaintiff's attorney, James H. Miller, as counsel for the prevailing party, now moves for an award of $6,459.06 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $350 in costs.[1] The only issue for consideration is the reasonableness of attorney fees. The Commissioner maintains that the amount

---

[1] Under the EAJA, a litigant who has brought a civil suit against the United States must be a prevailing party in the matter to be entitled to attorney fees. 28 U.S.C. § 2412(d)(1)(A). Two factors define "prevailing party" under the EAJA. *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005). Plaintiff's action must have resulted in a "material alteration" in the parties' legal relationship and that alteration must have been "judicially sanctioned" or stamped with some "judicial imprimatur." *Id*. at 901. Here, the Commissioner does not dispute that plaintiff was the prevailing party under the EAJA.

1

1 Miller seeks is unreasonable. Upon consideration of the materials submitted by the parties, the
2 motion is granted in part and denied in part with Miller entitled to an award of attorney fees in the
3 amount detailed below.

## II. DISCUSSION

5   The amount of attorney fees awarded under EAJA must be reasonable. 28 U.S.C. §
6 2412(d)(1)(A), (2)(A); *Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009). "The most useful
7 starting point for determining the amount of a reasonable fee is the number of hours reasonably
8 expended on the litigation multiplied by a reasonable hourly rate." *Nadarajah*, 569 F.3d at 910
9 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). As noted above, Miller moves for an
10 award of attorney fees in the amount of $6,459 and $350 in costs.

11 A.   Hourly Rates

12   EAJA provides that fees may be awarded based upon prevailing market rates for the kind and
13 quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per
14 hour unless the court determines that an increase in the cost of living or a special factor, such as the
15 limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28
16 U.S.C. § 2412(d)(2)(A); *Nadarajah*, 569 F.3d at 911.

17   The work Miller performed occurred from 2007 until 2009. Miller requests an hourly rate of
18 $166.46 for work in 2007, $172.85 for work in 2008, and $169.05 for work in 2009. He has not
19 shown, however, that the requested enhanced rates are "in line with those [rates] prevailing in the
20 community for similar services by lawyers of reasonably comparable skill, experience and
21 reputation." *Blum v. Stenson*, 465 U.S. 886, 895 & n. 11 (1984). That said, the Commissioner does
22 not object to the requested adjusted statutory maximum hourly rate. *See Nadarajah*, 569 F.3d at 918
23 (awarding statutory maximum hourly rate after the government did not object to the requested rate);
24 *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Accordingly, Miller is
25 awarded the requested hourly rates of $166.46 for work in 2007, $172.85 for work in 2008, and
26 $169.05 for work in 2009.

27 B.   Number of Hours

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES
CASE NO. 5:07-CV-05322-RS
2

Miller represents that he spent 37 hours working on this case. The Commissioner objects that the hours requested are excessive. Indeed, a review of the record and time sheets reveals that the hours expended were unreasonable.

First, many of the billing entries use abbreviations that are indecipherable. The time sheet contains entries of: "emtcs," "compl, etc," "post-compl, emtcs," "tr use-able," "cmj, tfm arc dm," "Emf, emt cl," and "upd." Miller makes no attempt to document what these tasks are or what work he performed corresponding to these entries. This requires a 3.5 hour reduction. Second, some entries include time spent calendaring. Calendaring, however, is an administrative task that is unrecoverable under the EAJA. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks" should not be billed). Miller includes one entry entitled "upd/calendar/etc." The upshot is that a 1.6 hour reduction is warranted. Third, 2.9 hours for preparing the meet and confer letter represents an unreasonable request. Considering that the letter was a brief form letter with the indecipherable billing sheet attached, plaintiff has not demonstrated why he spent almost three hours preparing it. A two hour reduction is accordingly appropriate.

The Commissioner argues that the 17.1 hours Miller spent writing his reply is unreasonable because it simply reasserted the issues and arguments raised in the opening brief. While Miller does repeat some arguments and citations raised previously, a review of his reply reveals that it was a step-by-step rebuttal of the arguments the Commissioner raised in opposition. No reason has been presented to reduce the hours claimed in connection with the motion practice.

In sum, Miller's 37 hours will be reduced by 7.1 hours. Accordingly, 29.9 hours represent a fair estimate of the reasonable amount of time Miller spent on this case.

C.  <u>Calculating the Attorney Fees and Costs</u>

Allowing for the adjustments described above, Miller will be awarded: (1) $332.92 in attorney fees (2 hours x $166.46) for 2007; (2) $4,666.95 in attorney fees (27 hours x $172.85) for 2008; and (3) $152.15 in attorney fees (1.9 hours x $169.05) for 2009. This represents a total attorney fee award of $5,152.02. As for costs, Miller seeks $350 for the district court filing fee. According to the docket sheet, however, plaintiff applied for and was granted permission to proceed

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES
CASE NO. 5:07-CV-05322-RS

*in forma pauperis*, which means she did not pay $350 as a filing fee. Miller's request for these costs, therefore, is denied. Accordingly, Miller is entitled to a total award of $5,152.02.

D.    Proper Payee Under the EAJA

The Commissioner disputes whether Miller, as plaintiff's counsel in the underlying action, can be directly granted EAJA attorney fees. Although the Commissioner cites case law from various courts in this district in support of his argument, there is no Ninth Circuit authority that addresses the EAJA directly on this issue. In footnote 2 to defendant's opposition brief, the United States agrees to waive any requirement that a fee award be paid to the party as opposed to counsel, for this case only, in the event that plaintiff provides a signed affidavit assigning EAJA fees to attorney Miller.

## IV. CONCLUSION

Accordingly, plaintiff's claim for attorney fees is granted in part and denied in part. Plaintiff is awarded attorney fees in the amount of $5,152.02. If plaintiff submits an affidavit assigning the EAJA fee award to her counsel within 20 days of the date of this Order, then payment is to be made directly to counsel Miller. In the event no such affidavit is filed within that time period, the attorney fee award is to made to plaintiff Nancy McCaa.

Plaintiff's request for costs is denied.

IT IS SO ORDERED.

Dated:    9/2/09

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES
CASE NO. 5:07-CV-05322-RS

4